Gena L. Sluga, Nevada Bar No. 9910
CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA, LLC
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 362-6666
Facsimile: (702) 992-1000
gsluga@cdslawfirm.com
*Attorneys for Plaintiff Foremost Signature Insurance Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FOREMOST SIGNATURE INSURANCE COMPANY, a Michigan corporation duly licensed to sell and administer insurance in The State of Nevada,<br><br>                    Plaintiff,<br>Vs.<br><br>GMUENDER ENGINEERING, LLC, a Nevada limited liability company; JOSEF C. GMUENDER and JANE DOE GMUENDER, husband and wife; MARY E. GMUENDER and JOHN DOE GMUENDER, husband and wife; WILLIAM HUBER, parent and guardian of Ashley Huber and Taylor Huber, individually and as surviving children of Kelly Huber, deceased; GRANBY REALTY HOLDINGS, LLC, a Colorado limited liability company; GRANITE STATE INSURANCE COMPANY, an Illinois corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA, a Pennsylvania corporation.<br><br>                    Defendants. | Case No. 3:19-cv-00508-MMD-CLB<br><br>**FOREMOST SIGNATURE INSURANCE COMPANY'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(Assigned to the Honorable Miranda M. Du) |

Foremost Signature Insurance Company ("Foremost"), by and through undersigned counsel, hereby requests leave to file its First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2). Foremost's proposed First Amended Complaint is attached as **Exhibit 1.** Counsel for all appearing parties of record have been contacted and do not oppose this motion.

The proposed First Amended Complaint implements two changes. First, it eliminates references

to Mary E. Gmuender and Jane Doe Gmuender to effectuate Foremost's Notice of Dismissal of Mary E. Gmuender without prejudice. *See* ECF Doc. 13. To that end, we eliminated Mary E. Gmuender's name from the caption and elsewhere, and we also eliminated references to Jane Doe Gmuender.

Second, it adds Granby Ranch Amenities, LLC as a defendant to this action. In the underlying litigation—styled as *William Huber v. Granby Realty Holdings, LLC; et al.*, 2019CV30046 and filed in a Colorado state court—there are two defendants with the name "Granby" in it: Granby Realty Holdings, LLC, which Foremost already added as a defendant in this litigation, and Granby Ranch Amenities, LLC. Foremost inadvertently omitted Granby Ranch Amenities, LLC as a defendant to this action. Foremost seeks to add Granby Ranch Amenities, LLC as a defendant in this action because the same coverage issues are presented with respect to Granby Ranch Amenities, LLC.

For the foregoing reasons, Foremost requests leave to file the First Amended Complaint to make the above changes, to which there is no opposition from the appearing parties.

RESPECTFULLY SUBMITTED this 5th day of June 2020.

CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA, LLC

By: /s/ *Gena L. Sluga*
    Gena L. Sluga
    8985 South Eastern Avenue, Suite 200
    Las Vegas, Nevada 89123
    gsluga@cdslawfirm.com
    *Attorney for Plaintiff Foremost Signature Insurance Company*

**ORDER**

The Court, having reviewed the Unopposed Motion for Leave to File First Amended Complaint, and for good cause appearing:

IT IS HEREBY ORDERED granting the motion. Foremost Signature Insurance Company shall file their First Amended Complaint no later than   June 19, 2020.    .

**IT IS SO ORDERED.**

Dated this   8th   day of June 2020.

_____
UNITED STATES MAGISTRATE JUDGE

3

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of June 2020, service of the foregoing **FOREMOST SIGNATURE INSURANCE COMPANY'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** was made upon each party in the case who is registered as an electronic case filing user with the Clerk, pursuant to Fed. Rule civ. P. 5(b)(3), and Local Rule 5-4, <u>and by electronic mailing</u> as follows:

Jeffrey N. Labovitch
jlabovitch@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121
Telephone: 858-257-0700

Kevin E. Helm
KevinH@helmandassociates.net
HELM & ASSOCIATES
2330 Paseo Del Prado, Suite C103
Las Vegas, NV 89102
Telephone: (702) 258-0022
*Attorneys for Granite State Insurance Company
and National Union Fire Insurance Company of Pittsburgh, Pa.*

Mark Tokunaga
mtokunaga@ltglaw.net
LAURIA TOKUNAGA GATES & LINN, LLP
885 Tahoe Blvd., Ste. 7
Incline Village, NV 89451
Tel: 775-772-8016
*Attorney for Gmuender Engineering, LLC and Josef C. Gmuender*

/s/ Harleigh Jones
An Employee of Christian, Kravitz, Dichter, Johnson & Sluga, LLC

4

# - EXHIBIT 1 -

# AMENDED COMPLAINT FOR DECLARATORY RELIEF

Gena L. Sluga, Nevada Bar No. 9910
CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA, LLC
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 362-6666
Facsimile: (702) 992-1000
gsluga@cdslawfirm.com
*Attorneys for Plaintiff Foremost Signature Insurance Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FOREMOST SIGNATURE INSURANCE COMPANY, a Michigan corporation duly licensed to sell and administer insurance in The State of Nevada,<br><br>Plaintiff,<br>Vs.<br><br>GMUENDER ENGINEERING, LLC, a Nevada limited liability company; JOSEF C. GMUENDER, a professional engineer; WILLIAM HUBER, parent and guardian of Ashley Huber and Taylor Huber, individually and as surviving children of Kelly Huber, deceased; GRANBY REALTY HOLDINGS, LLC, a Colorado limited liability company; GRANBY RANCH AMENITIES, LLC; GRANITE STATE INSURANCE COMPANY, an Illinois corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA, a Pennsylvania corporation.<br><br>Defendants. | Case No.<br><br>**AMENDED COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Foremost Signature Insurance Company, by and through undersigned counsel, alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of declaring the rights and legal relations of Foremost Signature Insurance Company arising from an

1

insurance policy issued by Foremost Signature Insurance Company to Defendant Gmuender Engineering LLC, and for the purpose of determining an actual controversy between the parties relating to how that insurance policy applies, if at all, to Gmuender Engineering LLC and Josef Gmuender's requests for insurance coverage thereunder and to the claims alleged in the action styled *William Huber v. Granby Realty Holdings, LLC; et al.*, 2019CV30046.

## PARTIES, JURISDICTION, AND VENUE

2. Foremost Signature Insurance Company ("Foremost") is a corporation organized under the laws of the State of Michigan with its principal place of business in Michigan. Foremost is duly licensed to sell and administer insurance in the State of Nevada.

3. Defendant Gmuender Engineering LLC ("Gmuender LLC") is a limited liability company organized under the laws of the State of Nevada.

4. Defendant Josef Gmuender ("Josef") is a professional engineer residing in Nevada.

5. Defendant William Huber, parent and guardian of Ashley Huber and Taylor Huber, individually and as surviving children of Kelly Huber, deceased, (collectively "Huber"), resides in Texas.

6. Granby Realty Holdings, LLC ("Granby Realty") is a limited liability company organized under the laws of the State of Colorado.

7. Granby Ranch Amenities, LLC ("Granby Amenities") is a limited liability company organized under the laws of the State of Colorado.

8. Upon information and belief, Granite State Insurance Company ("Granite State") is a corporation incorporated pursuant to the laws of the State of Illinois with its principal place of business located in Illinois. Upon information and belief, Granite State is authorized to conduct business in the State of Colorado.

9. Upon information and belief, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is a corporation incorporated pursuant to the laws of the State of Pennsylvania with its principal place of business located in Pennsylvania. Upon information and belief, National Union is authorized to conduct business in the State of Colorado.

10. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. This is an insurance coverage dispute arising from an underlying action known as *William Huber v. Granby Realty Holdings, LLC; et al.*, 2019CV30046. In that underlying action, Huber is pursuing wrongful death claims and seeks damages that, if covered, would exceed $75,000.

11. A justiciable controversy exists between Foremost and Defendants as to whether Foremost owes a duty to defend and indemnify Defendants Gmuender LLC, Josef.

12. Venue is appropriate in the District of Nevada under 28 U.S.C. § 1391(b)(2) because the District of Nevada is the judicial district in which a substantial part of the events or omission giving rise to the claim occurred by nature of the subject insurance policy being issued in Nevada to a Nevada insured and by nature of the coverage determinations taking place in Nevada.

**GENERAL ALLEGATIONS**

*The Underling Action Against Gmuender LLC and Josef Gmuender*

13. On December 15, 2017, Defendant Huber filed a lawsuit against, among others, Granby Realty and Granby Amenities for the death of his then wife and injury to his two daughters after a ski lift incident. The lawsuit is currently styled as *William Huber v. Granby Realty Holdings, LLC; et al.*, 2019CV30046 (the "Underlying Action").

14. On July 24, 2019, Defendant Huber filed a First Amended Complaint in the Underlying Action and alleged various claims against, among others, Josef and Gmuender LLC.

15. In the Underlying Action, Defendant Huber alleges "Josef Gmuender is a licensed professional engineer and at all material times was a citizen of and a resident of the State of Nevada."

16. In the Underlying Action, Defendant Huber alleges that Granby Realty and Granby Amenities decided to replace the control system and electric drive on a ski lift called the Quick Draw Express.

17. In the Underlying Action, Defendant Huber alleges that Granby Realty and Granby Amenities were the owners, operators, and licensees of the Quick Draw Express ski lift.

3

18. In the Underlying Action, Defendant Huber alleges that Granby Realty and Granby Amenities contacted an electrician to replace the control system and electric drive on the Quick Draw Express, and Defendant Huber alleges that the electrician contacted "an engineer named Josef Gmuender and his company Gmuender Engineering, to provide engineering services for the Quick Draw Express project."

19. In the Underlying Action, Defendant Huber alleges that Josef, through Gmuender LLC, "was responsible for creating the specifications for the Quick Draw Express upgrade, tuning the drive for the Quick Draw Express, selecting the drive parameters, and testing the Quick Draw Express to ensure appropriate and safe operation of the Quick Draw Express upon completion of the installation."

20. In the Underlying Action, Defendant Huber alleges that, among other things, Josef and Gmuender LLC "owed the highest duty of care as a Colorado Ski Lift Operator while operating, designing, constructing, maintaining, and inspecting the Quick D;" that Josef and Gmuender LLC "failed to exercise the duty of care by: (a) Approving the drive parameters of the Quick Draw Express; and (b) Failing to adequately test the Quick Draw Express following the installation of the drive."

21. In the Underlying Action, Defendant Huber brings the following causes of action against Josef and Gmuender LLC: "Wrongful Death of Kelly Huber"; "Bodily Injuries of Ashley Huber"; "Bodily Injuries" of Taylor Huber; "Negligence *Per Se*/Private Right of Action Under SSA – Kelly Huber"; "Negligence *Per Se*/Private Right of Action Under SSA – Ashley Huber"; "Negligence *Per Se*/Private Right of Action Under SSA – Taylor Huber"; Negligence – Kelly Huber"; "Negligence – Ashley Huber"; and "Negligence – Taylor Huber".

***The Foremost Policy***

22. Foremost issued Small Business Policy number PAS 01989310 to named insured Gmuender LLC, located at 638 Long Valley Road, Gardnerville, Nevada, 89410 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A, pgs. 1-119.**

23. Foremost issued the Policy with effective dates of October 9, 2016 to October 9, 2017, but it was cancelled in March 2017.

4

24. The Policy includes, among other things, a Commercial General Liability Coverage Part with a Commercial General Liability Coverage Form.

25. The Policy does not include Professional Liability Coverage.

26. The Policy provides the following in the Commercial General Liability Coverage Form's section I.1, entitled "Insuring Agreement," as amended by the endorsement entitled "Amendment of Insuring Agreement – Known Injury or Damage":

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .
>
> * * *
>
> b. This insurance applies to "bodily injury" and "property damage" only if:
>   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>   (2) The "bodily injury" or "property damage" occurs during the policy period; . . . .

27. The Policy provides the following in the Commercial General Liability Coverage Form's section I.2, entitled "Exclusions":

> This insurance does not apply to:
> * * *
> o. Professional
>   (1) "Bodily injury" or "property damage" arising out of the rendering or failure to render any professional service, including but not limited to:
>     (a) Accounting, advertising, architectural, drafting, engineering, financial, insurance or legal services, advice and instruction;

28. At all relevant times, Foremost has made clear that Defendant Huber's claims against Defendants Josef and Gmuender LLC in the Underlying Action are excluded because exclusion o in the Commercial General Liability Coverage applies.

/ / /

/ / /

5

*The Foremost Policy's Exclusionary Endorsement for Engineering Services*

29. The Policy also includes an endorsement entitled "Exclusion – Engineers, Architects or Surveyors Professional Liability" (the "Exclusionary Endorsement"), which provides as follows:

**EXCLUSION – ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABILITY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to "bodily injury," "property damage," "personal injury" or "advertising injury" arising out of the rendering or failure to render any professional services by or for you, including:

> 1. The preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; and
>
> 2. Supervisory, inspection or engineering services.

30. The Exclusionary Endorsement makes clear that insurance under the Policy's Commercial General Liability Form does not apply to, among other things, "'bodily injury' arising out of the rendering or failure to render any professional services by or for you, including . . . Supervisory, inspection or engineering services."

31. At all relevant times, Foremost has made clear that Defendant Huber's claims against Defendants Josef and Gmuender LLC in the Underlying Action are excluded under the Policy because the Exclusionary Endorsement applies.

*The Foremost Policy's "Other Insurance" Provision*

32. In addition to the provisions noted above, the Foremost Policy contains the followings provision regarding "Other Insurance":

> 5. **Other Insurance**
> If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:
> a. **Primary Insurance**
>   This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.
> b. **Excess Insurance**
>   This insurance is excess over:

6

  (1) Any other insurance, whether primary, excess, contingent or on any other basis:
   (a) That is Fire, Extended Coverage Builder's Risk, Installation Risk or similar coverage for "your work";
   (b) That insures for direct physical loss to premises rented to you or temporarily occupied by you with permission of the owner;
   (c) That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or
   (d) if the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY.
  (2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any claim or "suit" if any other insurer has a duty to defend the insured against that claim or "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

33. Upon information and belief, Gmuender may be entitled to coverage under a policy or policies issued to Granby Realty and Granby Amenities by Granite State and/or National Union (collectively, "AIG").

34. To the extent that Gmuender has other insurance available to it, Foremost's "Other Insurance" provision would apply to any coverage available to Gmuender under the Foremost Policy, rendering any available coverage from Foremost excess over the insurance provided by AIG.

## COUNT 1—DECLARATORY JUDGMENT

35. Foremost realleges and incorporates by reference the allegations contained in paragraphs 1–33 above as if fully set forth herein.

36. A justiciable dispute and actual controversy exist between Foremost and Defendants concerning the extent of Foremost's duty to defend and duty to indemnify Defendants Gmuender LLC and Josef.

37. At all relevant times, Foremost has made clear that coverage does not apply under the Policy because, among other things, the damages sought arise out of excluded "bodily injury."

7

38. Foremost seeks a judicial declaration that it has no obligation under the Policy or under applicable law to defend or indemnify either Gmuender LLC or Josef for the claims alleged in the Underlying Action.

**PRAYER FOR RELIEF**

WHEREFORE, Foremost prays for judgment against Defendants as follows:

1. For a judicial declaration that there is no coverage under the Policy for the damages sought in the Underlying Action and the death of Defendant Huber's wife and the injury to Defendant Huber's children;

2. For a judicial declaration that Foremost owes no past or present duty to defend, indemnify, or reimburse Defendants in any amount for any claims in connection with the Underlying Action or the death of Defendant Huber's wife and the injury to Defendant Huber's children;

3. For an award of pre-judgment interest at the maximum legal rate;

4. For all costs of suit incurred herein, including Foremost's attorneys' fees incurred in bringing this matter before the Court; and

5. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this _____ day of June 2020.

CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA, LLC


By: /s/ *Gena L. Sluga*
    Gena L. Sluga
    8985 South Eastern Avenue, Suite 200
    Las Vegas, Nevada 89123
    gsluga@cdslawfirm.com
    *Attorney for Plaintiff Foremost Signature Insurance Company*